UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.   3:22-CV-00529-DJH-CHL

**WEI QIU,**                                                                                          **Plaintiff,**

**v.**

**BOARD OF EDUCATION OF JEFFERSON COUNTY PUBLIC SCHOOLS,
KENTUCKY,**                                                                           **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court are two discovery motions filed by Plaintiff Wei Qiu.  Plaintiff filed a

Motion to Compel Defendant to Disclose Relevant Documents.  (DN 18.)  Defendant Board of

Education of Jefferson County Public Schools, Kentucky filed a response (DN 19), and Plaintiff

filed a reply (DN 21).  Therefore, this matter is ripe for review.  Plaintiff also made a request to

extend the discovery deadlines in this matter by two months (DN 26)[1], and Defendant filed an

objection to the same (DN 27).  The matter is fully briefed, and the Court addresses both pending

motions (DN 18 and Plaintiff's request as outlined in DN 26) at this time.

For the following reasons, Plaintiff's Motion to Compel (DN 18) is **GRANTED IN PART**

**AND DENIED IN PART**.  Plaintiff's request to extend the deadlines in this matter as outlined in

the Court's August 8, 2023 Order (DN 26) is **GRANTED IN PART AND DENIED IN PART**.

---

[1] Plaintiff emailed the undersigned's case manager requesting an extension of discovery deadlines in this matter.
The Court construed this request as a motion to extend the current deadlines (*see* DN 26) and reminded Plaintiff of
her responsibility to follow the Federal Rules of Civil Procedure, as well as this Court's Local Rules, when
requesting relief from the Court.

## I.      BACKGROUND

### A.  Factual and Procedural Background

This case involves Plaintiff's discrimination claims under Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act. (DN 1.) Plaintiff alleges she was discriminated against by Defendant when she was not hired as a teacher at duPont Manual High School ("Manual") despite applying several times and emailing the principal regarding vacant teaching positions. (*See generally* DNs 1 and 18.) Plaintiff states she applied for vacant teaching positions at Manual on five occasions:

1. On July 3, 2019, Plaintiff emailed Manual Principal Darryl Farmer expressing her interest in a vacant chemistry/biology position. (DN 19 at PageID # 64.) Principal Farmer responded on July 8, 2019, at 1:00 PM, stating that he had received her information and would review it for a potential interview. (*Id.*) Thereafter, Plaintiff sent a follow-up email to Principal Farmer on July 8, 2019, at 9:23 PM, stating that she had finished the "online application" (DN 18 at # 65), meaning she had completed an application through the Jefferson County Board of Education ("JCBE") online application portal. She was granted an interview, which took place on July 30, 2019. (*See id.*; *see also* DN 19 at # 72-73.) She did not get the job, and Jesse Simpson ("Simpson"), a white man who also interviewed for that position, was hired. (DN 18 at # 56.)

2. On October 27, 2019, Plaintiff applied for a vacant math teaching position via the JCBE online application portal. (*Id.*; *see also* DN 19 at # 72-73.) She did not receive an interview request and was not hired. (DN 19 at # 73.)

3.  On August 11, 2020, Plaintiff emailed Principal Farmer expressing her interest in a vacant physics teaching position. (DN 18 at # 56, 59.)  She did not receive an interview request and was not hired. (*Id.* at # 56-57.)

4.  On September 12, 2020, Plaintiff emailed Principal Farmer expressing her interest in a vacant physics teaching position.  (*Id.* at # 56, 59.)   She did not receive an interview request and was not hired.  (*Id.* at # 56-57.)

5.  On December 6, 2021, Plaintiff emailed Principal Farmer expressing her interest in a vacant physics teaching position. (*Id.* at # 56, 59.)  She did not receive an interview request and was not hired.  (*Id.* at # 56-57.)

Thereafter, Plaintiff filed this action. In her Complaint, Plaintiff alleges that Defendant failed to hire her on the basis of her race, color, and national origin. (DN 1.)  Specifically, Plaintiff alleges that she is Chinese and speaks accented English.  (*Id.* at # 5.)  Plaintiff claims that JCBE's failure to hire her, despite her qualifications for the positions and clear need for a teacher to fill these posts[2], is evidence that JCBE discriminated against her due to her Chinese heritage.  (*Id.* at # 5-6.)

### B.  Plaintiff's Motion to Compel

Plaintiff requests that the Court compel Defendant to produce the following:

1.  Simpson's daily class schedule for the 2019-2020 school year;

2.  The list of the names of the substitute teachers in the math position after October 27, 2019, to the date a fulltime teacher was hired to fill the position;

3.  The resumes of the substitute teachers in Item 2;

4.  The applications of the interviewed applicants for the math position for which plaintiff contacted Principal Farmer on October 27, 2019;

---

[2] JCBE posted the vacant math, chemistry, and physics teaching positions for several months after Plaintiff allegedly applied.  (*See* DN 18 at # 58-59, 69.)

5.  The list of the names of the substitute teachers in the physics position after August 11, 2020, to the date a fulltime teacher was hired to fill the position;

6.  The resumes of the substitute teachers in Item 5;

7.  The applications of the interviewed applicants for the physics position for which plaintiff contacted Principal Farmer on August 11, 2020;

8.  The list of the names of the substitute teachers in the physics position after September 12, 2020, to the date a fulltime teacher was hired to fill the position;

9.  The resumes of the substitute teachers in Item 8;

10. The applications of the interviewed applicants for the physics position for which plaintiff contacted Principal Farmer on September 12, 2020;

11. The list of the names of the substitute teachers in the physics position after December 6, 2021, to the date a fulltime teacher was hired to fill the position;

12. The resumes of the substitute teachers in Item 11;

13. The applications of the interviewed applicants for the physics position for which plaintiff contacted Principal Farmer on December 6, 2021;

14. The list of the names of the substitute teachers in the physics position after March 29, 2022, to the date a fulltime teacher was hired to fill the position;

15. The resumes of the substitute teachers in Item 14; and

16. The applications of the interviewed applicants for the physics position posted on March 29, 2022, and April 5, 2022.

(*See* DN 18 at # 60-62.)

In support of her motion, Plaintiff argues that she was well-qualified to teach math, chemistry, and physics, and that to prove her claims, she is entitled to discover whether she or hired teacher Simpson were stronger candidates.  (*See id.* at # 56-60.)  Plaintiff argues that the resumes and qualifications of other applicants, and the resumes and qualifications of the substitute teachers she presumes to have filled in during the pendency of any teacher vacancies, are relevant to her claims.  (*See id.*)  Plaintiff's motion cites no law in support of her request.

4

Defendant counters that all of Plaintiff's requests lack relevance.  Defendant contends that the only "applications" Plaintiff made were those completed through the JCBE online application portal: 1) the July 8, 2019 application for a chemistry position, and 2) the October 27, 2019 application for a math position.  (DN 19 at # 72-74.)  Defendant argues that Plaintiff's other alleged teaching applications were not applications at all, but were merely emails Plaintiff sent to Principal Farmer expressing interest in the positions.  (*Id.*)  Defendant states that there is no evidence that Plaintiff ever applied for a substitute teaching position with JCBE, and therefore any requests as to the same lack relevance.[3]  (*Id.*)

## II.     DISCUSSION

### A.  Legal Standard

Trial courts have wide discretion in dealing with discovery matters. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)).  Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  This language is broadly construed by the federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  The scope of discovery is not without limits, however.  In assessing whether information is within the scope of discovery, the Court is directed to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

---

[3] Plaintiff does not allege she applied for a substitute teaching position at Manual.

whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery when "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Under Rule 37, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). When an objection to relevance is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the action. *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008). If that party demonstrates relevancy, the burden shifts to the party resisting discovery to demonstrate why the information or documents are not discoverable under the Federal Rules. *Id.*

### B. Plaintiff's Motion to Compel Mr. Simpson's 2019-20 Daily Class Schedule (Item 1)

Plaintiff asks that the Court compel Defendant to produce Mr. Simpson's daily class schedule so that the Court may determine "[w]ho is the stronger one to teach the classes[.]" (DN 18 at # 59.) Relevant evidence is any evidence that: 1) has any tendency to make a fact more or less probable than it would be without the evidence; and 2) is of consequence in determining the action. Fed. R. Evid. 401. So long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence, the information itself need not be admissible at trial. *Invesco Inst. (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007) (citing *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F.Supp.2d 83, 86 (D.C. Cir. 2005)). Despite the breadth of relevancy under the Federal Rules, however, it is still Plaintiff's burden to prove that her request is relevant to the action: "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D.

Ohio 2015) (citing *Hendricks v. Hazzard*, No. 2:11-CV-399, 2013 WL 4052873, at *3 (S.D. Ohio Aug. 12, 2013)).

Plaintiff has not met her burden with respect to this request. Plaintiff states that Simpson's schedule is probative of her qualifications relative to Simpson's (DN 18 at # 59), but she makes no argument with respect to the same, and the Court is unable to discern her reasoning from the record. It is unclear how Simpson's daily class schedule would serve as a metric against which Simpson's competency or merit could be measured, or whether such a metric bears upon any claim or defense in this matter. The Court is cognizant of the difficulties faced by Plaintiff as a *pro se* litigant; however, like all other litigants, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Hampton v. Madison Cnty., Tenn.*, No. 118CV01191STAATC, 2021 WL 6752207, at *2 (W.D. Tenn. Jan. 29, 2021). It is Plaintiff's burden to meet the standards articulated in Fed. R. Civ. P. 26(b)(1) and 37 and prove that Mr. Simpson's schedule bears upon some claim or defense in this action. She has not done so. Therefore, Plaintiff's request to compel Item 1 is **DENIED**.

### C. Plaintiff's Motion to Compel the Names and Resumes of Substitute Teachers (Items 2, 3, 5, 6, 8, 9, 11, 12, 14, and 15)

Plaintiff argues that the Court should compel discovery related to substitute teachers based on Plaintiff's assumption that substitute teachers filled in for the math, physics, and chemistry positions for which she allegedly applied. (*See* DNs 18 and 21.) Reading between the lines of her briefing, Plaintiff assumes that these teaching positions were vacant and were therefore covered by substitute teachers, and argues that the qualifications of such substitute teacher are evidence necessary to support her discrimination claims: "[I]nformation on the quality of the substitute teachers . . . [is] necessary to prove if discrimination against Plaintiff happened." (DN 18 at # 59) (emphasis omitted.) Plaintiff argues that "the quality of the substitute teachers for math and the

applications of the interviewed applicants . . . prove if discrimination against Plaintiff happened." (*See* DN 18 at # 59.)  However, Plaintiff does not support this supposition with facts.  There is no evidence in the record that Plaintiff applied to a substitute teaching position at Manual.  There is no evidence cited in support of the contention that substitute teachers filled in for the vacant teaching positions[4]; that presumption is not borne out by the record.  When an objection to relevance is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the action. *Anderson*, 251 F.R.D. at 309-10.  Plaintiff has not laid a proper foundation upon which the Court can reasonably deduce that substitute teachers might have filled this role.  Nor has she shown that the identities or qualifications of such substitute teachers are relevant to her claims.  As she has failed to demonstrate relevancy with respect to the sought discovery, Plaintiff's motion as to Items 2, 3, 5, 6, 8, 9, 11, 12, 14, and 15 is **DENIED**.

### D.  Plaintiff's Motion to Compel Applications of Interviewees With Respect to Her October 27, 2019 Application (Item 4)

Plaintiff argues that the Court should compel production of the applications of the individuals who were interviewed for the math position she applied for on October 27, 2019.  (DN 18 at # 61.)  Plaintiff did not receive an interview for this position, and she argues the interviewees' qualifications are probative of her racial discrimination claims.  (*See* DN 18 at # 59.)  Specifically, she states, "If any of the interviewed candidates was less qualified than plaintiff, it was also discrimination against Plaintiff. It (*sic*) needs information on the quality . . . of the interviewed applicants to prove if discrimination against Plaintiff happened."  (*Id.* at # 59.)

---

[4] Plaintiff assumes that substitute teachers filled in for the "vacant" positions, but Manual could have taken a variety of actions with respect to the posted positions besides that offered by Plaintiff.  For example, the advertised teaching positions may not have been vacant at the time, or currently employed teachers could have absorbed some of the student overload if those positions were vacant.  It is not the Court's burden to speculate whether there was a true vacancy, and whether substitute teachers did temporarily fill it at Manual.  Rather, it is Plaintiff's burden to show that the requested discovery is relevant, and there is no argument here from which the Court can determine the same.

Defendant counters that the interviewees' applications are not relevant because Plaintiff was not certified to teach math in Kentucky at this time.  (DN 19 at # 77-78.)  However, the information sought by Plaintiff need not be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  The Court is not charged with determining whether Plaintiff was or was not qualified to teach math at this juncture; the question before the Court is whether the interviewees' applications make a fact more or less probable than without them, and whether they are of consequence in determining the action. Fed. R. Evid. 401.  Although Plaintiff does not explicitly lay a foundation that an interview is an integral part of the hiring process, the Court can deduce as much from the Parties' briefing.  (*See* DN 18 at # 56-58, DN 19 at # 72-73.)  Plaintiff claims she was not granted an interview after her initial July 30, 2019 interview, wherein Defendant was able to discern her race, ethnicity, and/or national origin.  Plaintiff has a right to discover whether the applicants who were granted interviews were qualified, and to discover whether the interviewees' race, ethnicity, or national origin appear facially different from her own.  The interviewees' applications are sufficiently relevant to Plaintiff's claims in this matter, and her requested relief as to Item 4 is **GRANTED**.

### E.  Plaintiff's Motion to Compel the Applications of Interviewees For Plaintiff's Disputed Applications (Items 7, 10, and 13)

Plaintiff argues that the Court should compel production of the applications of interviewees for the positions she allegedly applied for on August 11, 2020, September 12, 2020, and December 6, 2021.  Whether Plaintiff applied for teaching positions on these dates is disputed.  Plaintiff indicates that she emailed Principal Farmer on August 11, 2020, September 12, 2020, and December 6, 2021, because "to apply for the positions was futile that (*sic*) plaintiff did not apply for the positions."  (DN 18 at # 57.)  Plaintiff argues that her intention to apply for positions on those dates was clear by virtue of her emails, but also appears to acknowledge the difference

between her emails and the application process: "Plaintiff's emails function *as well as* applications." (*Id.*) (emphasis added.)

Although Plaintiff does not argue that her email was treated by the school or by Principal Farmer as a *de facto* application, the timeline of the July 8, 2019 email exchange between Plaintiff and Farmer leaves the door open for Plaintiff. On July 3, 2019, Plaintiff emailed Principal Farmer expressing her interest in a vacant chemistry position. (DN 19 at # 64). Principal Farmer responded on July 8, 2019 at 1:00 PM, stating that he had received her information and would review it for a potential interview. (*Id.*) Thereafter, Plaintiff sent a follow-up email to Principal Farmer on July 8, 2019 at 9:23 PM, indicating that she had finished the required online JCBE application. (*See* DN 18 at # 65.) Principal Farmer's 1:00 PM email stating he would review her information was sent ***before*** Plaintiff's email at 9:32 PM, wherein she stated she'd completed the online application. (*Id.*) It is unclear whether Principal Farmer did, in fact, treat Plaintiff's email as an application, but there is evidence from which the Court could conclude the same. Defendant has not argued that the interviewees' applications are unduly burdensome to produce. Given the factual question of whether Principal Farmer treated Plaintiff's email as a *de facto* application, the Court finds good cause to grant Plaintiff's requested relief. Plaintiff's motion to compel with respect to Items 7, 10, and 13 is **GRANTED**.

### F. Plaintiff's Motion to Compel Applications of Interviewees for the March 29, 2022 and April 5, 2022 Positions (Item 16)

As to this request, Plaintiff concedes that she did not apply for the physics' positions posted on March 29, 2022 and April 5, 2022 because she knew she would fail at securing the position. (*See* DN 18 at # 60.) This is not a sufficient basis on which to base a motion to compel, and Plaintiff's request as to Item 16 is therefore **DENIED**.

### III.   ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.   Plaintiff's Motion to Compel as to Items 1, 2, 3, 5, 6, 8, 9, 11, 12, 14, 15, and 16 is **DENIED**.

2.   Plaintiff's Motion to Compel as to Items 4, 7, 10, and 13 is **GRANTED**. Defendant shall provide this discovery to Plaintiff on or before **September 29, 2023**.

3.   Plaintiff's Motion to Extend the Discovery Period as detailed in DN 26 is **GRANTED** as to Items 4, 7, 10, and 13.  The discovery period is extended to **October 27, 2023** as to these items only.  Plaintiff's Motion as it pertains to any other discovery is **DENIED**.

Colin H Lindsay, Magistrate Judge

United States District Court

cc:  Counsel of record, *pro se* Plaintiff

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.

August 29, 2023